TOGUT, SEGAL & SEGAL LLP
Bankruptcy Co-Counsel for Enron Corp., *et al.*
Debtors and Debtors-in-Possession
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Scott E. Ratner (SR-0015)
Frank A. Oswald (FAO-1223)
Neil Berger (NB-3599)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

In re:

ENRON CORP., *et al.*,

           Debtors.

------------------------------------------------------x

ENRON CORP.,

           Plaintiff,

- against -

QUINN GILLESPIE & ASSOCIATES,

           Defendant.

------------------------------------------------------x

Chapter 11

Case No. 01-16034 [AJG]

Jointly Administered

Adv. Pro. No. 03/    [AJG]

## COMPLAINT TO AVOID AND
## RECOVER A PREFERENTIAL TRANSFER

TO THE HONORABLE ARTHUR J. GONZALEZ,
UNITED STATES BANKRUPTCY JUDGE:

      ENRON CORP., the plaintiff and debtor-in possession herein ("Enron"), by its bankruptcy co-counsel, Togut, Segal & Segal LLP, as and for its complaint against QUINN GILLESPIE & ASSOCIATES (the "Defendant") alleges the following

upon knowledge as to itself and its own acts and otherwise upon information and belief:

## INTRODUCTION

1. On December 2, 2001 (the "Petition Date"), Enron filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

2. Enron continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. Enron brings this action to avoid and recover a certain transfer made, directly or indirectly, by Enron to the Defendant on or within ninety (90) days prior to the Petition Date.

## JURISDICTION AND PARTIES

4. This adversary proceeding is brought pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to avoid and recover, in accordance with sections 547 and 550 of the Bankruptcy Code, a certain transfer (the "Transfer") that was made by Enron to Defendant in the amount of $257,985.56. A Schedule identifying the Transfer is annexed hereto as Exhibit "1".

5. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §§157(b)(2)(A), (F) and (O).

6. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

7. Venue over this adversary proceeding resides in this Court pursuant to 28 U.S.C. § 1409(a).

8. Enron is a corporation organized under the laws of Oregon with its principal place of business at 1400 Smith Street, Houston, Texas.

9. Upon information and belief, Defendant is a business enterprise with a place of business located at 1133 Connecticut Ave NW, 5th Fl, Washington, DC 20036.

## CAUSE OF ACTION
### (Avoidance and Recovery of Preferential Transfers)

10. Enron repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 9 of this Complaint as though set forth at length herein.

11. On or within ninety (90) days prior to the Petition Date, Enron made the Transfer to Defendant.

12. The Transfer constitutes a transfer of interest of property of Enron.

13. Enron made the Transfer to, or for the benefit of, Defendant.

14. Enron made the Transfer for, or on account of, antecedent debt owed by Enron to Defendant prior to the date on which the Transfer was made (the "Debt").

15. Enron was insolvent for purposes of section 547(b) of the Bankruptcy Code when the Transfer was made.

16. The Transfer enabled Defendant to receive more than it would have received if: (i) Enron's case was administered under chapter 7 of the Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant had received payment of the Debt to the extent provided by the Bankruptcy Code.

17. Based upon the foregoing, the Transfer constitutes an avoidable preferential transfer pursuant to section 547(b) of the Bankruptcy Code an in accordance with section 550(a) of the Bankruptcy Code, Enron may recover from Defendant the amount of the Transfer, plus interest.

**WHEREFORE**, Enron respectfully requests entry of judgment on its Complaint as follows:

    a. Avoiding and setting aside the Transfer pursuant to section 547(b) of the Bankruptcy Code;

    b. Awarding Enron judgment in an amount equal to the Transfer and directing Defendant immediately to pay Enron an amount equal to the Transfer pursuant to section 550(a) of the Bankruptcy Code, together with interest on such amount from the Petition Date of the Transfer;

    c. Awarding Enron its attorneys' fees, costs and other expenses incurred in this action; and

    d. Granting Enron such other and further relief as the Court considers appropriate.

DATED: New York, New York
October 9, 2003

ENRON CORP., *et al.*
Debtors and Debtors in Possession and Plaintiff,
By its Bankruptcy Co-Counsel,
TOGUT, SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

# EXHIBIT 1

Enron Corp.

vs.

## Quinn Gillespie & Associates

| Date of Transfer | Check No. / Wire Transfer | Amount |
|---|---|---|
| 10/30/01 | CHECK | $257,985.56 |

Total: $257,985.56